**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **ALEX ALLEN**<br>**LA. DOC #430357** | **CIVIL ACTION NO. 3:10-cv-1613** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Alex Allen, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 8, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the River Bend Detention Center, Lake Providence, Louisiana. He claims that the LDOC has incorrectly computed his sentence and release date, and as a result, he remains falsely imprisoned. He sued the State of Louisiana, Attorney General Buddy Caldwell, and Governor Bobby Jindal praying for compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

***Background***

Plaintiff was arrested on November 15, 2001, and charged with Aggravated Rape. The charges were lodged in Louisiana's Fourth Judicial District Court, Ouachita Parish, under that court's docket number 01-F001839. Plaintiff pled guilty to the lesser offense of Indecent Behavior with a Juvenile, and on March 16, 2006, he was sentenced to serve 7 years at hard labor to run

consecutively with a prior conviction under docket number 99-F0823 and plaintiff was given credit for the time served on the charges lodged under case number 01-F001839. [Doc. 1-2, p. 1]

Plaintiff completed the sentence in case number 99-F0823 on January 5, 2006. [Id. , p. 4]

Plaintiff submitted an administrative remedies grievance to the LDOC on September 4, 2007. Therein he complained of an "Incorrect release date due to error in figuring pre-sentence jail credit that should have been applied to either Docket No. 01-F1839 or 99F0823." According to plaintiff, "I have been continuously incarcerated since November 15, 2001, which equates to 5 years 247 days. I have never lost any good time... Even if I had to execute day for day on all 10 years (which I don't) my maximum release date [would be] 11-15-2011." [Id., pp. 8-10] On October 5, 2007 LDOC Headquarters denied his grievance as follows:

> A review of your record indicates that you were released on diminution of sentence on January 5, 2006 on another hard labor sentence. On March 16, 2006, you were sentenced to serve seven years at hard labor to run consecutively with that sentence. Credit for time served is allowed from the date of release on the first sentence which is January 5, 2006. In accordance with Act 174 of the 2006 State Legislature, no defendant shall receive more than thirty days of jail credit for any calendar month while serving a term for consecutive sentences.[1] This issue is also addressed in the court decision of State v. Barnes.[2] [Id., p. 6]

Plaintiff submitted a second round of grievances thereafter, and on September 24, 2010 these

---

[1] Act 174 of the 2006 Legislative Session amended La. R.S.15:571.3 to add subsection (B)(3) which provides, "... no inmate shall receive more than thirty days of good time or thirty days of jail credit for any calendar month while serving a term for consecutive sentences."

[2] In *State of Louisiana v. Sidney Barnes*, 590 So.2d 1298 (La. App. 1 Cir. 11/22/1991), the First Circuit held, "... where two completely separate offenses are committed in the same jurisdiction and the defendant's incarceration periods for these two offenses overlap, he may not be entitled to credit for time served on both convictions as regarding this overlapping jail time. [Citation omitted] In this case, the defendant committed an aggravated battery while serving a ten year prison sentence for a totally unrelated armed robbery conviction. Therefore, we find that the defendant was not entitled to credit for time served while awaiting trial on the instant offense, as he was already in prison due to this 1987 armed robbery conviction."

grievances were denied as follows:

> After reviewing the time computation worksheet, we find that you received 70 days of jail credit and 571 days of awarded credit which adjusted your release date to June 13, 2011.
>
> Your arrest date reflects January 5, 2006, as this is the date you received a full term release on Docket No. 99F0823. [Id., p. 7]

On September 4, 2007 plaintiff filed suit against the defendants in Louisiana's Nineteenth Judicial District Court; as of October 8, 2010, the date plaintiff filed the instant complaint, that action was still pending in the state court. [Doc. #1, ¶1-5]

In the instant suit plaintiff complains that he is being falsely imprisoned; more specifically he maintains that he "... is being held against his will and falsely imprisoned by the State of Louisiana. Whereas, the State has deprive[d] him of his liberty without due process of law and has violated his Fifth Amendment and the Equal Protection Clause and the 14th Amendment Rights of the United States Constitution. Moreover, petitioner has been unlawfully held and false imprisoned since Nov. 15, 2009 which he should have been released on that date." [Doc. #1-3, p. 2] Plaintiff prays for "... monetary damages for actual time served over the release date ... in the amount of $2,500 per day of overage." He also prays for $1,500,000 for physical damages and $1,000,000 for psychological and punitive damages and lost wages. [Doc. #1-3, p. 7]

***Law and Analysis***

***1. Screening***

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff has provided a succinct and clear statement of his claim for relief. Based on the information supplied and the relief prayed for, it appears that plaintiff's claim falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and "is legally frivolous unless the ... [sentence computation] at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir.1996).

***2. Heck v. Humphrey Considerations***

In *Heck* v. *Humphrey*, the United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a ... sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

court's issuance of a writ of *habeas corpus*." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). (*Heck* involved a civil rights claim brought by a state prisoner. Since a judgment in favor of the plaintiff would have called into question the legality of his conviction and confinement, the Court dismissed the Section 1983 suit until the plaintiff could demonstrate that the allegedly unlawful conviction or sentence had been invalidated.)

Thus, pursuant to *Heck*, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his ... sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the ... sentence has already been invalidated." *Id.* at 487. Put another way, if success in a " ... § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal *habeas*, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (*per curiam*)(emphasis supplied). The rule enunciated in *Heck*, applies to a prisoner's challenge to the computation or calculation of his sentence, since success in such case would necessarily imply the invalidity of the prisoner's continued confinement. *Compare McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160 (5th Cir.1995).

Since a favorable judgment here would call into question the validity of the sentence computation that has been made by the LDOC, before plaintiff can proceed, he must prove that the allegedly erroneous calculation of his sentence "...has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck*, 512 U.S. at 486-87, 114 S.Ct. at 2372, 129 L.Ed.2d at 394. He has not met this precondition and his complaint must be

dismissed with prejudice as frivolous until such time that he can demonstrate that the LDOC's calculation of his sentence has been invalidated. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994) ("Dismissal of the §1983 action under 28 U.S.C. § 1915(d) is appropriate, post- *Heck*, because the plaintiff's action has been shown to be legally frivolous.") Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Plaintiff may assert a claim if and when he can meet the *Heck v. Humphrey* conditions. Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, November 29, 2010.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE